■ In the Matter of EDWIN VELEZ, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents.—In a proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the respondents from implementing a decision to suspend the petitioner from duty as a police officer with the New York City Transit Police Department, the petitioner appeals from a judgment of the Supreme Court, Kings County (Hutcherson, J.), dated February 28, 1989, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner is a police officer employed with the respondent New York City Transit Police Department. On or about March 18, 1986, disciplinary charges were preferred against him concerning misconduct and/or incompetence allegedly occurring on September 2, 1983, February 9, 1984 and March 21, 1984. Following a fact-finding hearing which found that the charges relating to the February 9, 1984, and March 21, 1984, occurrences were proven, the petitioner was suspended from duty for 30 days.

On appeal the petitioner contends that the charges preferred against him were time-barred by virtue of the 18-month limitation provision of Civil Service Law § 75 (4), and therefore the Hearing Officer lacked authority to adjudicate upon the charges and thereafter to suspend him.

We disagree. The 18-month limitation period of Civil Service Law § 75 (4) is inapplicable where the incompetence or misconduct complained of and described in the charges would constitute a crime if proved in a court of competent jurisdiction. We are satisfied that the allegations of fact specified in the charges in issue would, if proved, constitute the crime of petit larceny, i.e., obtaining money by false pretenses (see, Penal Law § 155.25; see also, People v Drake, 61 NY2d 359, 362).

We have examined the appellant's remaining contentions and find them to be without merit. Thompson, J. P. Kunzeman, Sullivan and Harwood, JJ., concur.