■ In the Matter of ELLEN BENSON, Appellant, v BOARD OF EDUCATION OF THE WASHINGTONVILLE CENTRAL SCHOOL DISTRICT, Respondent. [619 NYS2d 153] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Education of the Washingtonville Central School District, dated October 19, 1992, which, after a hearing, found the petitioner guilty of charges of incompetence and terminated her employment, the petitioner appeals from so much of a judgment of the Supreme Court, Orange County (Pirro, J.), entered February 2, 1993, as dismissed the branch of the proceeding which was to annul so much of the determination as terminated the petitioner's employment.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, the petition is granted to the extent of annulling the penalty imposed, and the matter is remitted to the respondent for the imposition of an appropriate sanction, other than the termination of the petitioner's employment.

The petitioner, a school bus driver, commenced this proceeding to review a determination of the respondent school district which terminated her employment, and sought reinstatement to her position with back pay and benefits. She was found to have operated a school bus in an unsafe, uncontrolled, and negligent manner.

The charges arose out of a January 8, 1990, accident wherein the petitioner's foot slipped off the brake pedal and onto the gas pedal as she was backing up and parking a 44-passenger school bus in the bus garage, causing the bus to crash into another bus and a wall. There was no one else on the buses, and there were no injuries. The Supreme Court upheld the termination of the petitioner's employment by the respondent. The only question raised on appeal is whether the termination of the petitioner's employment was warranted under the circumstances.

It is well settled that the appropriate standard of review in a case such as the one herein is whether the punishment imposed is so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness (see, *Matter of Pell v Board of Educ.*, 34 NY2d 222, 233; *also, Matter of Harris v Mechanicville Cent. School Dist.*, 45 NY2d 279; *Matter of Roman v Allen*, 187 AD2d 598). We find that,

under the circumstances of this case, the penalty of dismissal is so disproportionate to the offense that reversal is warranted.

The petitioner herein had been employed by the respondent as a school bus driver for five years prior to the date of the accident and during that time had maintained a clean record. Although the petitioner possessed a Class II license, which qualified her to operate passenger buses with a capacity of 15 or more adults, she had almost exclusively operated a 16-passenger van during those five years. Indeed, the Assistant Superintendent of Transportation for the respondent testified that during that period, he had tested the petitioner every two years on the 16-passenger van but never on the 44-passenger bus that she was operating on the date of the accident.

Several months prior to the accident, the petitioner had requested, and had been given, permission to practice driving the larger buses in the presence of the Assistant Superintendent or another more experienced bus driver. Although the Assistant Superintendent had expressed his misgivings as to the petitioner's ability to operate the 44-passenger bus to the Superintendent of Transportation, the petitioner was allowed to drive the bus with a group of schoolchildren to the Poughkeepsie Civic Center. This first trip took place without incident. On January 8, 1990, after having successfully completed a second trip with schoolchildren, the petitioner was returning the bus to the bus garage when the accident occurred. The respondent presented no evidence to contradict the petitioner's explanation as to how the accident occurred.

While we are not unmindful of the special obligation that school districts have with respect to safeguarding the well-being of their students (see, e.g., Matter of Heslop v Board of Educ., 191 AD2d 875, 878; Matter of Brigandi v Board of Educ., 119 AD2d 573, 574), there were no schoolchildren involved in the instant accident. Moreover, the incident was an isolated one and was not indicative of a pattern of mishaps or misconduct. Indeed, the petitioner was a relatively long-time employee with a clean record. Furthermore, she was operating the bus with the express approval of her superiors despite the fact that she had not been formally trained or tested on the bus, a circumstance of which they were aware. Further, while not determinative, we note that in other cases involving mishaps or misconduct by school bus drivers, the respondent imposed a suspension rather than discharging the employee.

Accordingly, the penalty herein must be vacated and the

matter remitted to the respondent for imposition of an appropriate sanction *(see, Matter of Ross v Oxford Academy & Cent. School Dist.,* 187 AD2d 898). Balletta, J. P., Pizzuto, Altman and Hart, JJ., concur.