██ In the Matter of NANCY COMINS, Petitioner, v CAMDEN CENTRAL SCHOOL DISTRICT, Respondent. [626 NYS2d 615] —Determination unanimously modified on the law and as modified confirmed without costs and matter remitted to respondent for further proceedings in accordance with the following Memorandum: Petitioner commenced this CPLR article 78 proceeding to review a determination of respondent finding petitioner guilty of four charges of misconduct and incompetency and terminating her employment as a school bus driver. The charges stemmed from an accident that occurred on December 7, 1992, when the school bus that petitioner was driving failed to negotiate a curve in the road and landed in a ditch. None of the student passengers was seriously injured. At the time of the accident, it was snowing and the road surface was slippery and snow-covered.

Petitioner contends that respondent's determination is not supported by substantial evidence. We disagree. Upon our review of the record, we conclude that there is substantial evidence that petitioner was guilty of misconduct and incompetence as charged (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176; see also, Matter of Berenhaus v Ward, 70 NY2d 436, 443).

We conclude, however, that the penalty of dismissal is so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222, 233-234). "While we are not unmindful of the special obligation that school districts have with respect to safeguarding the well-being of their students" (Matter of Benson v Board of Educ., 209 AD2d 693, 694, appeal dismissed 85 NY2d 847), in light of the otherwise unblemished 13½-year record of petitioner with the District, during which she received 13 safe driving awards, the penalty of dismissal is too harsh (see, Matter of Harris v Mechanicville Cent. School Dist., 45 NY2d 279, 285; Matter of Benson v Board of Educ., supra).

Therefore, we modify the determination by vacating the

penalty imposed, and we remit the matter to respondent for the purpose of imposing an appropriate penalty, not to exceed a six-month suspension without pay, commencing July 20, 1993, which we conclude is the maximum penalty that the record will support. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Oneida County, Parker, J.) Present—Denman, P. J., Pine, Wesley, Balio and Davis, JJ.