■ In the Matter of MICHAEL DEMURO, Respondent, v BOARD OF EDUCATION OF THE YONKERS CITY SCHOOL DISTRICT, Appellant, et al., Respondents. (Proceeding No. 1.) In the Matter of BOARD OF EDUCATION OF THE YONKERS CITY SCHOOL DISTRICT, Appellant, v YONKERS CIVIL SERVICE COMMISSION, Respondent. (Proceeding No. 2.) [631 NYS2d 749] —In two consolidated proceedings pursuant to CPLR article 78 (1) to review a determination of the Yonkers Civil Service Commission, dated April 19, 1993, which found that there was insufficient evidence to warrant terminating Michael DeMuro's employment, and (2) to compel the Board of Education of the Yonkers City School District to reinstate Michael DeMuro to his position, the Board of Education of the Yonkers City School District appeals from (1) a judgment of the Supreme Court, Westchester County (Cowhey, J.), entered January 14, 1994, which granted Michael DeMuro's petition to compel the Board of Education of the Yonkers City School District to reinstate him to his position and denied the petition of the Board of Education of the Yonkers City School District to set aside the determination of the Yonkers Civil Service Commission dated April 19, 1993, and (2) so much of an order of the same court, entered April 28, 1994, as, upon, in effect, granting the branch of the motion of the Board of Education of the Yonkers City School District which was for reargument, adhered to the prior determination.

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the order entered April 28, 1994, made upon reargument; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the judgment is vacated, Michael DeMuro's petition is denied, the petition of the Board of Education of the Yonkers City School District is granted, the determination is annulled, and the matter is remitted to the Yonkers Civil Service Commission for further proceedings in accordance herewith.

Civil Service Law § 76 (2) provides that where an appeal is taken to a municipal commission, "such commission shall review the record of the disciplinary proceeding and the transcript of the hearing, and shall determine such appeal on the basis of such record and transcript and such oral or written argument as the commission may determine". In this case, the record reveals that the Yonkers Civil Service Commission (hereinafter the Commission) solicited information and evidence not included in the record of the disciplinary proceeding.

Therefore, the Commission acted in excess of its statutory authority *(see, Matter of New York City Dept. of Envtl. Protection v New York City Civ. Serv. Commn.,* 78 NY2d 318). Accordingly, this matter is remitted to the Commission to determine the appeal in accordance with the provisions of Civil Service Law § 76.

We have considered Michael DeMuro's remaining contention and find it to be without merit *(see,* CPLR 217). Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.