■ In the Matter of BOARD OF EDUCATION OF THE YONKERS CITY SCHOOL DISTRICT, Petitioner, v YONKERS MUNICIPAL CIVIL SERVICE COMMISSION et al., Respondents. [670 NYS2d 507] —Proceeding pursuant to CPLR article 78, *inter alia*, to review a determination of the Yonkers Municipal Civil Service Commission dated May 2, 1996, which reinstated the additional respondent Michael DeMuro to his position as custodial worker with the petitioner Board of Education of the Yonkers City School District, in which DeMuro cross-petitioned, *inter alia*, to confirm the determination and for an award of back pay. The Supreme Court, Westchester County (Cowhey, J.), by judgment entered January 8, 1997, annulled the determination and transferred the proceeding to this Court to review an earlier determination of a Hearing Officer, dated January 7, 1993, affecting the petitioner.

Adjudged that the petition is granted to the extent that the determination dated May 2, 1996, is annulled, on the law, without costs or disbursements, the judgment is vacated, the petition is otherwise denied, the cross petition is denied, and the matter is remitted to the Yonkers Municipal Civil Service Commission for further proceedings in accordance herewith.

Michael DeMuro, a custodian employed by the petitioner

Board of Education of the Yonkers City School District (hereinafter the Board of Education), was charged with, among other things, incompetence and misconduct. By decision dated January 7, 1993, a Hearing Officer sustained the charges and recommended the termination of DeMuro's employment. De-Muro appealed this determination to the respondent Yonkers Municipal Civil Service Commission (hereinafter the Commission), which found, by decision dated April 19, 1993, that there was insufficient evidence to warrant the termination of his employment. The Board of Education then commenced a proceeding pursuant to CPLR article 78 to review the Commission's determination. By judgment of the Supreme Court, West-chester County, entered January 14, 1994, the court denied the petition, and the Board of Education appealed.

By decision and order dated September 25, 1995, this Court found that the Commission had solicited information and evidence not included in the record of the disciplinary proceeding, in violation of Civil Service Law § 76 (2). Thus, this Court, *inter alia*, granted the petition of the Board of Education, annulled the Commission's determination, and remitted the matter to the Commission for a new determination in accordance with Civil Service Law § 76 (2) (*see, Matter of DeMuro v Board of Educ.,* 219 AD2d 716).

The Commission once again considered material not included in the record of the disciplinary proceeding, and, by determination dated May 2, 1996, reinstated DeMuro to his position as a custodial worker. The Board of Education brought a new petition to review that determination and to "affirm" the original determination of the Hearing Officer dated January 7, 1993. DeMuro cross-petitioned, *inter alia*, to confirm the determination and compel the Yonkers Municipal Civil Service Commission to award him back pay. By judgment of the Supreme Court, Westchester County, entered January 8, 1997, the determination of the Commission was annulled, and the proceeding was transferred to this Court pursuant to CPLR 7804 (g) to consider whether the determination of the Hearing Officer dated January 7, 1993, was supported by substantial evidence.

This matter was improperly transferred to this Court pursuant to CPLR 7804 (g). Since DeMuro took an appeal from a determination of the Hearing Officer in a disciplinary proceeding against him to the Commission pursuant to Civil Service Law § 76, the "substantial evidence" standard of review is not applicable (*see, Matter of New York City Dept. of Envtl. Protection v New York City Civ. Serv. Commn.,* 78 NY2d 318; *Matter of Griffin v New York City Dept. of Correction,* 179 AD2d 585).

The matter must again be remitted to the Commission for yet another determination in strict compliance with Civil Service Law § 76. The Commission once again considered material not included in the record of the disciplinary proceeding. Rosenblatt, J. P., Miller, Copertino and Pizzuto, JJ., concur.