■ In the Matter of MICHAEL JOHNSON, Petitioner, v TOWN OF ARCADE et al., Respondents. [721 NYS2d 888] —Determination unanimously modified on the law and as modified confirmed without costs and matter remitted to respondent Town of Arcade for further proceedings in accordance with the following Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination sustaining charges of misconduct and terminating his employment with respondent Town of Arcade (Town). Those charges arose from the failure of petitioner to complete his road plowing responsibilities during a severe snowstorm on March 16, 2000. Contrary to petitioner's contention, the Hearing Officer made a

finding of misconduct. Also contrary to petitioner's contention, the Hearing Officer's comment regarding ignorance is not tantamount to a finding of incompetency, which was not charged. Although we agree with petitioner that the Hearing Officer improperly relied on information outside the record (*see, Matter of Simpson v Wolansky*, 38 NY2d 391, 396; *49th St. Mgt. Co. v New York City Taxi & Limousine Commn.*, 277 AD2d 103), we conclude that such reliance did not have " 'such a harmful or unfair effect as to vitiate the hearing' " (*Matter of Multari v Town of Stony Point*, 99 AD2d 838, 839, quoting *Matter of Erdman v Ingraham*, 28 AD2d 5, 9). Contrary to the contention of petitioner, the Hearing Officer's finding of misconduct is supported by substantial evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 181-182). The record establishes that petitioner failed to complete his plowing route after his dinner break and lied to his supervisor regarding the completion of his duties. We agree with petitioner, however, that the penalty of termination is so disproportionate to the misconduct as to shock one's sense of fairness (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 234-235). We therefore modify the determination and grant the petition in part by vacating the penalty, and we remit the matter to the Town for imposition of an appropriate penalty not to exceed a six-month suspension without pay, commencing March 16, 2000, the maximum penalty supported by the record (*see, Matter of Comins v Camden Cent. School Dist.*, 214 AD2d 1032, 1032-1033, *lv denied* 86 NY2d 708). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, Rath, Jr., J.) Present—Pigott, Jr., P. J., Green, Pine, Hurlbutt and Burns, JJ.