■ In the Matter of DONNA M. WILL, Appellant, v FRONTIER CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION, Respondent. [722 NYS2d 201] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to respondent for further proceedings in accordance with the following Memorandum: Upon our review of the record, we conclude that the termination of petitioner " 'is so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness' " (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 232, quoting *Matter of Stolz v Board of Regents*, 4 AD2d 361, 364). Although respondent has a duty to protect its students from harm (*see, Matter of Benson v Board of Educ.*, 209 AD2d 693, 694, *appeal dismissed* 85 NY2d 847, *lv denied* 85 NY2d 809) and is entitled to protect itself from liability, we nevertheless conclude that the penalty of termination is too harsh. This was an isolated incident in petitioner's 22 years of service, and petitioner took steps to follow the return-to-duty procedures (*see, Matter of Comins v Camden Cent. School Dist.*, 214 AD2d 1032, *lv denied* 86 NY2d 708). We therefore modify the judgment and grant the petition in part by vacating the penalty, and we remit the matter to respondent for imposition of an appropriate penalty not to exceed a one-year suspension without pay, commencing July 12, 1999, the maximum penalty supported by the record (*see, Matter of Johnson v Town of Arcade*, 281 AD2d 894 [decided herewith]). (Appeal from Judgment of Supreme Court, Erie County, Sconiers, J.—CPLR art 78.) Present—Pigott, Jr., P. J., Green, Pine, Hurlbutt and Burns, JJ. ·

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY W. FOSTER, II, Appellant. [722 NYS2d 201] —Judgment unanimously affirmed. Memorandum: County Court did not abuse its discretion in summarily denying the motion of defendant to withdraw his guilty plea based on a claim not supported by the record (*see, People v Webley*, 256 AD2d 1119, 1119-1120, *lv denied* 93 NY2d 880; *see also, People v Foster*, 265 AD2d 879, *lv denied* 94 NY2d 822). Defendant does not challenge the validity of his waiver of the right to appeal, which encompasses his contention that the sentence is unduly harsh or severe (*see, People v Hidalgo*, 91 NY2d 733, 737). (Appeal from Judgment of Niagara County Court, Fricano, J.—Criminal Contempt, 1st Degree.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Lawton, JJ.