■ In the Matter of CHRISTOPHER SCOTT, Petitioner, v RAYMOND KELLY, as Police Commissioner of the City of New York, et al., Respondents. [761 NYS2d 27] —Determination of respondent Police Commissioner, dated December 31, 2001, suspending petitioner from his position as a New York City police officer for 15 days without pay, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Saralee Evans, J.], entered July 29, 2002), dismissed, without costs.

Respondent's finding that petitioner had used excessive force against an arrestee is supported by substantial evidence, including the testimony of the complainant (*see Matter of Wagner v Kerik*, 298 AD2d 322 [2002]). Because disciplinary proceedings against police officers are governed by the Administrative Code of the City of New York, petitioner's contention that he was entitled to notice of the charges and specifications against him in accordance with the requirements of Civil Ser-

vice Law § 75 is unavailing (*see Matter of Montella v Bratton*, 93 NY2d 424 [1999]). Moreover, the limitations imposed by Civil Service Law § 75 (4) are expressly inapplicable where an employee is charged with conduct which, if proved in a court of appropriate jurisdiction, would constitute a crime, and the conduct with which petitioner was charged would, if proved in court, constitute a crime. Finally, the penalty imposed is not shocking to our sense of fairness (*see Matter of Kelly v Safir*, 96 NY2d 32, 39-40 [2001]). Concur—Tom, J.P., Mazzarelli, Rosenberger, Ellerin and Williams, JJ.