■ In the Matter of DONALD BETZ, Petitioner, v WEST GENESEE CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION, Respondent. [798 NYS2d 642]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Onondaga County [Edward D. Carni, J.], entered October 21, 2004) to review a de-

termination of respondent. The determination after a hearing found that petitioner was incompetent and dismissed petitioner from his employment.

It is hereby ordered that the determination be and the same hereby is unanimously modified on the law and the petition is granted in part by vacating the penalty and as modified the determination is confirmed without costs, and the matter is remitted to respondent for further proceedings in accordance with the following memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 contending, inter alia, that the determination with respect to the penalty of dismissal from his employment as a maintenance worker for respondent was an abuse of discretion. This proceeding arises from the charge that petitioner was incompetent because he struck and displaced a 100-pound manhole cover while snowplowing the parking lot of an elementary school. In support of the charge, respondent alleged that petitioner failed to investigate what had occurred and thus failed to discover that he had displaced the manhole cover. A teacher at the elementary school fell through the open manhole approximately 13 hours later, and the manhole cover was thereafter found in an adjacent snowbank. Following a hearing pursuant to Civil Service Law § 75, the Hearing Officer found that the evidence established that petitioner was incompetent and recommended dismissal of petitioner, and respondent "approved" that finding and recommendation.

Although we agree with petitioner that the Hearing Officer mischaracterized some of the hearing testimony, we nonetheless conclude that there is substantial evidence supporting the determination that petitioner was incompetent (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]), notwithstanding the fact that the evidence in support thereof is circumstantial (*see Matter of Correia v City of Rochester*, 299 AD2d 854 [2002]; *Matter of Motell v Napolitano*, 186 AD2d 989, 990 [1992]). In particular, there is substantial evidence supporting the Hearing Officer's findings that petitioner displaced the manhole cover, that he knew he had struck something heavy with the snowplow, and that he failed to undertake the necessary investigation to discover that he had indeed displaced the manhole cover. The record of the hearing also establishes that, after leaving the parking lot and meeting with other snowplowers during a break from their snowplowing duties, petitioner was advised by the snow watch supervisor to be careful of the manhole cover at issue because it previously had been displaced. Although there was testimony that petitioner informed the snow watch supervisor that he

might have hit something, it is undisputed that petitioner did not return to the parking lot to check the manhole cover. In our view, there is substantial evidence "of some dereliction or neglect of duty" to support the determination with respect to petitioner's incompetence (*Matter of Weatherlow v Board of Educ. of Jamestown City School Dist.*, 236 AD2d 855, 856 [1997]; *see Matter of Phillips v Le Page*, 4 AD3d 704, 705 [2004]; *see also* Civil Service Law § 75 [1]).

We agree with petitioner, however, that respondent abused its discretion in terminating petitioner's employment. The penalty of dismissal is so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness (*see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 234-235 [1974]). "[W]e are not unmindful of the special obligation that school districts have with respect to safeguarding the well-being of their students" (*Matter of Benson v Board of Educ. of Washingtonville Cent. School Dist.*, 209 AD2d 693, 694 [1994], *appeal dismissed* 85 NY2d 847 [1995], *lv denied* 85 NY2d 809 [1995]; *see Matter of Will v Frontier Cent. School Dist. Bd. of Educ.*, 97 NY2d 690 [2002]). Nevertheless, in light of mitigating factors such as petitioner's length of service and the absence of evidence of prior incidents of incompetence, we conclude that the penalty of dismissal is too harsh (*see Matter of Comins v Camden Cent. School Dist.*, 214 AD2d 1032 [1995], *lv denied* 86 NY2d 708 [1995]; *Benson*, 209 AD2d at 693-694). We therefore modify the determination and grant the petition in part in accordance with our decision herein, and we remit the matter to respondent for imposition of an appropriate penalty less severe than dismissal from employment (*see Matter of Johnson v Town of Arcade*, 281 AD2d 894, 895 [2001]; *Comins*, 214 AD2d at 1032-1033; *Benson*, 209 AD2d at 694-695). Present—Hurlbutt, J.P., Scudder, Martoche, Pine and Lawton, JJ.