■ In the Matter of LAWRENCE A. CASTELL, Petitioner, v CITY OF SARATOGA SPRINGS et al., Respondents. [806 NYS2d 299]—

Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Saratoga County) to review a determination of respondent Commissioner of Public Safety for the City of Saratoga Springs which found petitioner guilty of four charges of misconduct and terminated his employment.

Petitioner, while employed as a police officer for the City of Saratoga Springs police department (hereinafter department), was charged with misconduct involving an altercation between petitioner and a fellow officer, Robert Dennis. Petitioner and Dennis have had an acrimonious relationship in the past. Specifically, in 1998 Dennis filed a lawsuit in federal court against respondent City of Saratoga Springs and several employees of the department, including petitioner, alleging that he had been harassed by members of the department. Among the allegations made by Dennis against petitioner was that petitioner harassed Dennis by blowing kisses at him in a derogatory manner. Dennis's claims against petitioner were ultimately dismissed.

The incident which underlies the instant proceeding occurred on December 16, 1999, when petitioner filed a departmental complaint against Dennis, alleging that Dennis had approached him in the locker room holding a loaded shotgun, racked the gun and pointed it at petitioner's head, with his finger placed firmly on the trigger. Dennis denied this account, explaining that he had picked up an unattended shotgun lying on a table in the locker room and secured it in the gun storage cabinet, but never pointed it at petitioner. Dennis also filed a departmental complaint against petitioner alleging that petitioner was again blowing kisses at him as he walked through the locker room that day.

The department conducted an internal investigation into the complaints and a hearing was conducted. Following 13 days of testimony, the Hearing Officer found that petitioner had fabricated the shotgun complaint against Dennis and knowingly harassed Dennis by blowing kisses at him. Based on these findings, petitioner's employment with the department was

terminated. Petitioner commenced this CPLR article 78 proceeding seeking to annul that determination. Upon transfer to this Court pursuant to CPLR 7804, we now confirm.*

Our review of this administrative determination is limited to considering, after giving due deference to the factfinder's credibility assessments, whether the decision is supported by substantial evidence (*see Matter of Rounds v Town of Vestal*, 15 AD3d 819, 822 [2005]; *Matter of McLean v City of Albany*, 13 AD3d 851, 853 [2004]). Based on varying and inconsistent accounts by petitioner of the alleged shotgun incident, as well as testimony by other witnesses which conflicted with petitioner's account, the Hearing Officer concluded that petitioner fabricated the incident and had filed a false complaint. Notably, it was determined that petitioner lied during the hearing when he denied meeting with his attorney before filing his written complaint inasmuch as a videotape was admitted showing petitioner walking through the department with his attorney prior to submitting the complaint. We find ample evidence supporting the Hearing Officer's finding that petitioner knowingly filed a false report against Dennis (*see Doolittle v McMahon*, 245 AD2d 736, 738 [1997]). The finding that petitioner harassed Dennis by blowing kisses at him is also supported by testimony from several witnesses, including a witness who testified that petitioner admitted to the conduct. Accordingly, we hold that the determination is supported by substantial evidence on the record.

We also reject petitioner's argument that the penalty of termination must be set aside because it is "so disproportionate to the offense, in . . . light of all the circumstances, as to be shocking to one's sense of fairness" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]; *see Matter of Correll v Bucci*, 19 AD3d 919, 921 [2005]). Given the high standard of character to which police officers are held and the fact that petitioner was found to have deliberately fabricated accusations of criminal conduct against a fellow officer and lied in rendering his report and in his testimony at the hearing, we find no basis upon which to disturb the sanction imposed (*see Matter of Wilburn v McMahon*, 296 AD2d 805, 806-807 [2002]; *Matter of Di Rienz v Constantine*, 151 AD2d 953, 955 [1989]).

Crew III, J.P., Peters and Mugglin, JJ., concur. Adjudged that

---

* Initially, petitioner obtained a default judgment. Supreme Court's subsequent denial of respondents' motion to vacate the default judgment was reversed on appeal to this Court, and we remitted the matter to Supreme Court (3 AD3d 774 [2004]).

the determination is confirmed, without costs, and petition dismissed.

