■ In the Matter of TIMOTHY E. MCKINNEY, Petitioner, v WAYNE E. BENNETT, as Superintendent of State Police, Respondent. [817 NYS2d 767]—

Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of misconduct and terminated petitioner's employment.

Respondent filed disciplinary charges against petitioner, who

was employed as a State Trooper, based in part on his inappropriate sexual advances toward two female coworkers. A Hearing Board sustained three of the original 18 charges and recommended petitioner's termination. Respondent accepted the Board's findings and terminated petitioner's employment. Petitioner commenced this proceeding seeking to annul respondent's determination.

Respondent's determination is entitled to a presumption of regularity. Petitioner contends in conclusory fashion that respondent could not have made an independent review of the evidence and instead blindly accepted the Board's recommendations, because respondent's determination was rendered on the same date as the Board's decision. Contrary to petitioner's contention, respondent was not required to read all 1,228 pages of the hearing transcript and each document submitted (*see Matter of Taub v Pirnie*, 3 NY2d 188, 195 [1957]). Even though it is possible to read this volume of evidence in one day, much of that evidence related to charges that were not sustained. Hence, respondent's decision must stand because there was no clear revelation that respondent " 'made no independent appraisal and reached no independent conclusion' " (*id.*, quoting *Matter of Kilgus v Board of Estimate of City of N.Y.*, 308 NY 620, 628 [1955]; *see Matter of Nehorayoff v Fernandez*, 191 AD2d 833, 835 [1993]).

The charges were not time-barred. The Civil Service Law provides an 18-month statute of limitations in which to commence disciplinary proceedings, but an exception removes that limitation if the charged misconduct "would, if proved in a court of appropriate jurisdiction, constitute a crime" (Civil Service Law § 75 [4]). The allegation in the one charge challenged on this basis is that petitioner placed a female Trooper's hand on his pants, without her consent, so she could feel his erect penis. If proven, this conduct would constitute the crime of sexual abuse in the third degree (*see* Penal Law § 130.55). Accordingly, this charge fell within the statutory exception and was not time-barred (*see Matter of Wade v Town of Ticonderoga Town Bd.*, 256 AD2d 860, 861 [1998], *lv denied* 93 NY2d 804 [1999]).

Substantial evidence supports the sustained charges. In considering whether the determination is supported by substantial evidence, this Court will not "second guess the credibility determinations of the administrative factfinder" (*Matter of Stephen FF. v Johnson*, 23 AD3d 977, 978 [2005]; *see Matter of Castell v City of Saratoga Springs*, 24 AD3d 1059, 1061 [2005]). Giving due deference to the Board's credibility determinations, the evidence established that while petitioner was alone in a

State Police garage with a female Trooper, he grabbed her hand and placed it on his erect penis through his clothing. She testified that she did not voluntarily do this, was shocked by petitioner's actions and quickly left.

The evidence also established that petitioner engaged a female sergeant in a conversation which amounted to sexual harassment in violation of State Police policy. During the conversation, petitioner asked the sergeant if she had ever had sex with a black man, implied that he had large genitals, asked her to go out with him or have a casual sexual relationship with him, accused her of being racist for not sleeping with him and told her that she might as well sleep with him because he had already informed everyone at the station that he would have her. While the sergeant acknowledged that she was not uncomfortable during the initial portions of the conversation, it escalated to a point where she became uncomfortable, informed petitioner that the conversation was not appropriate, and she ultimately left the area. This evidence supported the sustained charges.

Regarding the penalty, the record demonstrates that petitioner was aware that, for logistical reasons, his personnel record was not being admitted as an exhibit, but was available for his review and would be considered by the Board to determine the appropriate penalty. Both sides introduced hearing evidence regarding his prior disciplinary infractions. Affording respondent great leeway in this matter involving internal discipline within a law enforcement agency, and considering the nature of the conduct engaged in by petitioner against his coworker and supervisor, the penalty of dismissal does not shock our sense of fairness (see Matter of Berenhaus v Ward, 70 NY2d 436, 445 [1987]; Matter of Wilburn v McMahon, 296 AD2d 805, 807 [2002]; Matter of Wade v Town of Ticonderoga Town Bd., supra at 862; Matter of Miller v McMahon, 240 AD2d 806, 808 [1997]).

We reject petitioner's specious argument that respondent should have recused himself and delegated the final determination based on an unfounded claim of bias. Petitioner's remaining contentions have been reviewed and found unpersuasive.

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.