■ In the Matter of PHILLIP WILSON, Petitioner, v TOWN OF MINERVA TOWN BOARD et al., Respondents. [883 NYS2d 738]—

Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Essex County) to review a determination of respondent Town of Minerva Town Board which terminated petitioner's employment.

In 2001, respondent Town of Minerva hired petitioner as a maintenance mechanic. On his employment application, the question whether he had ever "been convicted of a crime (misdemeanor or felony)" was answered in the negative. In fact, petitioner had been convicted of driving while intoxicated (hereinafter DWI) in 1999. In 2007, petitioner was again arrested for

DWI, leading to another conviction. The Town charged petitioner with incompetence due to his convictions and misconduct due to his answer on the employment application. After a hearing pursuant to Civil Service Law § 75, the Hearing Officer found petitioner not guilty of the incompetence charge but guilty of misconduct and recommended his termination. Respondent Town of Minerva Town Board found petitioner guilty of both charges and terminated his employment. Petitioner commenced this proceeding to challenge the Board's determination. Upon transfer to this Court (*see* CPLR 7804 [g]), we confirm.

The Town's determination to terminate petitioner's employment must be upheld if supported by substantial evidence (*see Matter of Mapp v Burnham*, 8 NY3d 999, 1000 [2007]; *Matter of Longton v Village of Corinth*, 57 AD3d 1273, 1274 [2008]). Petitioner admitted that he was twice convicted of DWI. His job duties as a maintenance mechanic required him to operate motor vehicles during the course of his employment. The Town's insurance agent testified that pursuant to underwriting guidelines for the Town's insurance carrier, a person with two DWI convictions is not an acceptable driver and if the Town continued to employ such a person its insurance carrier would not renew the current policy. The nonrenewal would occur regardless of whether that employee drove Town vehicles or drove his or her own vehicle on Town business. While the Town would be able to secure insurance through another carrier, the agent opined that such insurance would be at a higher cost and provide reduced coverage. Thus, substantial evidence supports the finding that petitioner's off-duty conduct which led to his criminal convictions rendered him incompetent to perform his duties without unreasonable hardship to the Town.

Substantial evidence also supports the finding of misconduct. The employment application contains a false statement regarding petitioner's criminal history. Petitioner testified that he was unaware that DWI was a crime, but also testified that his wife completed the application and he failed to read it before signing it. Petitioner's knowledge and intent created a factual question for respondents to resolve, which they did by accepting the Hearing Officer's finding that petitioner's testimony regarding his knowledge was incredible (*see Matter of Longton v Village of Corinth*, 57 AD3d at 1274; *Matter of Williams v County of Fulton*, 270 AD2d 613, 615-616 [2000]). While the Hearing Officer may have drawn some conclusions which are not supported by the record, the overall determination of misconduct is supported by substantial evidence (*see Matter of Betz v West Genesee Cent. School Dist. Bd. of Educ.*, 20 AD3d 909, 910 [2005], *lv denied* 5

NY3d 716 [2005]). The misconduct charge was not time-barred, as petitioner's actions could constitute the crime of offering a false instrument for filing in the second degree (*see* Civil Service Law § 75 [4]; Penal Law § 175.30; *Matter of Velez v New York City Tr. Auth.*, 175 AD2d 132, 133 [1991]).

Considering the risks to the Town by continuing petitioner's employment, and that he obtained his employment through submitting an application that contained a false answer to a critical question, the penalty of termination is not so disproportionate as to shock our sense of fairness (*see Matter of Mapp v Burnham*, 8 NY3d at 1000; *Matter of Rutkunas v Stout*, 8 NY3d 897, 898 [2007]).

Spain, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.