In the Matter of GABRIEL G. RODRIGUEZ, Appellant, v COUNTY OF ALBANY et al., Respondents. [962 NYS2d 801]—

Spain, J. Appeal from that part of a judgment of the Supreme Court (Teresi, J.), entered January 10, 2012 in Albany County, which partially dismissed petitioner's application, in a proceeding pursuant to, among other things, CPLR article 78, to review a determination of respondent Acting Albany County Sheriff charging petitioner with certain misconduct.

Petitioner, an investigator employed by the Albany County Sheriff's Office, was served with a notice of intent to discipline

and notice of charges in September 2011, charging him with two counts of misconduct in violation of Albany County Sheriff's Office General Order 29-SD-93 (hereinafter the Sheriff's order). Charge one stems from petitioner's actions on January 28, 2010, more than 18 months earlier, in using a concealed recording device to make an audio recording of a meeting held by the then-Undersheriff, respondent Craig D. Apple, Sr., at which other employees attended. Charge two relates to petitioner's alleged subsequent transfer and disclosure of the recording to others on an unspecified date. Petitioner served an answer to the notice of charges, denying the allegations, and asserted, in defense, that the charges are untimely under Civil Service Law § 75 (4) in that they were brought more than 18 months after the misconduct alleged.

Petitioner thereafter commenced this proceeding pursuant to, among other things, CPLR article 78,[1] requesting, among other relief, dismissal of the charges as untimely under Civil Service Law § 75 (4). In their verified answer, respondents raised as a defense the exception to the 18-month statute of limitations for criminal conduct (see Civil Service Law § 75 [4]). Supreme Court concluded that charge one, relating to making the recording, alleged conduct which, if proved, constituted the crime of official misconduct (see Penal Law § 195.00 [1]), rendering the 18-month statute of limitations inapplicable. The court found that charge two, which did not allege a crime, was untimely to the extent that it relied upon events occurring more than 18 months prior to service of the notice of charges. Petitioner now appeals from that part of the order which held that charge one is not untimely.

We agree with petitioner's contention that charge one is barred by the statute of limitations set forth in Civil Service Law § 75 (4). As relevant here, proceedings based on incompetency or misconduct for which removal or a disciplinary penalty is sought "shall [not] be commenced more than eighteen months after the occurrence of the alleged incompetency or misconduct complained of and described in the charges" (Civil Service Law § 75 [4]), here, July 28, 2011 at the latest. The charges here were not filed until September 2011 and, thus, are clearly untimely unless the statutory crime exception applies. Under

1. Petitioner sought, as alternative relief, to compel arbitration. Because respondents consented to petitioner's demand for arbitration, Supreme Court granted that part of the petition and no issues with respect thereto are part of this appeal. The parties have not addressed the issue of whether a CPLR article 78 proceeding is an appropriate vehicle for obtaining the relief sought herein, Supreme Court did not raise the issue, and we decline to do so, sua sponte, for the first time on appeal.

that exception, no statute of limitations applies "where the incompetency or misconduct complained of and *described in the charges* would, if proved in a court of appropriate jurisdiction, constitute a crime" (Civil Service Law § 75 [4] [emphasis added]).

Charge one alleges that petitioner violated subsection KK of the Sheriff's order relating to recording devices, which provides that "[n]o employee shall install or activate any microphone or any technical or mechanical device or system capable of recording or overhearing conversations or telephone messages without authorization from the Sheriff or Undersheriff." That charge specifies that "[petitioner] attended a meeting on January 28, 2010 held by Craig Apple, Undersheriff at that time. This meeting was attended by several other employees of the Sheriff's Office. [Petitioner] intentionally concealed a recording device on [his] person and recorded the contents of this meeting without authorization." We do not find that the misconduct complained of, as described in charge one, would, if proved, constitute the crime of official misconduct (*see* Penal Law § 195.00 [1]) or any other crime.

Notably, in making the threshold determination of whether charge one is timely, which turns on the applicability of the exception for criminal misconduct, we refer—by statutory directive—only to the allegations of misconduct "complained of and *described in the charges*" (Civil Service Law § 75 [4] [emphasis added]). Thus, our inquiry is limited to the allegations contained in the charges and specifications, without consideration of the proof or papers submitted in petitioner's subsequent judicial proceeding (or at any ensuing disciplinary hearing) challenging the charges as untimely (*see Matter of Langler v County of Cayuga*, 68 AD3d 1775, 1776 [2009]; *Matter of Wilson v Town of Minerva Town Bd.*, 65 AD3d 788, 790 [2009]; *Matter of McKinney v Bennett*, 31 AD3d 860, 861 [2006]; *Matter of Scott v Kelly*, 305 AD2d 273, 274 [2003]; *Matter of Wade v Town of Ticonderoga Town Bd.*, 256 AD2d 860, 861 [1998], *lv denied* 93 NY2d 804 [1999]; *Matter of Mahabir v Kelly*, 215 AD2d 280, 280 [1995]; *Matter of Velez v New York City Tr. Auth.*, 175 AD2d 132, 133 [1991]; *cf. Matter of Tasch v Board of Educ. of City of N.Y.*, 3 AD3d 502, 502 [2004]; *compare Matter of Wojewodzic v O'Neill*, 295 AD2d 670, 670-671, 671 and n [2002]).[2]

---

**2.** Our discussion in *Matter of Guynup v County of Clinton* (74 AD3d 1552, 1554-1556 [2010]) should not be construed to suggest that reliance on disciplinary hearing testimony should be used to resolve threshold timeliness objections. Rather, reference to the hearing testimony was made to further support the conclusion that the conduct as alleged was not criminal and the charge was, therefore, untimely.

As relevant here, a public servant is guilty of official misconduct when, with intent to obtain a benefit, the employee "commits an act relating to his [or her] office but constituting an unauthorized exercise of his [or her] official functions" and such act must be done "knowing that such act is unauthorized" (Penal Law § 195.00 [1]). Here, the misconduct "complained of and described in the charges" (Civil Service Law § 75 [4]), among other deficiencies, does not allege that petitioner acted with the intent to gain a benefit, an essential element required for an official misconduct conviction (*see People v Feerick*, 93 NY2d 433, 446-447 [1999]). Thus, since the conduct "described in the charge[ ]" would not, if proven in court, constitute a crime, the 18-month statute of limitations governs and charge one should have been dismissed as untimely.

Mercure, J.P., McCarthy and Garry, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by dismissing disciplinary charge one of the notice of charges, and, as so modified, affirmed. 