■ In the Matter of DANTAIDA DE GUZMAN, Petitioner, v STATE OF NEW YORK CIVIL SERVICE COMMISSION, Respondent. [11 NYS3d 296]—

Garry, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent terminating

petitioner's employment with the New York State Higher Education Services Corporation.

Petitioner was employed as the Director of Collections for the New York State Higher Education Services Corporation (hereinafter HESC). In February 2012, she was served with a notice of disciplinary charges (hereinafter notice) pursuant to Civil Service Law § 75 (4) charging her with three acts of misconduct occurring between October 2007 and July 2008. The notice alleged that petitioner, among other things, improperly altered HESC's computerized debt collection system to prevent the account of a defaulted borrower from proceeding to administrative wage garnishment. Following a hearing, the Hearing Officer dismissed one of the charges, found petitioner guilty of the remaining charges and recommended the penalty of termination of her employment. HESC accepted the recommendation and terminated petitioner's employment. Petitioner appealed to respondent pursuant to Civil Service Law § 76 (1), and respondent affirmed the Hearing Officer's determination. Petitioner then commenced this proceeding alleging, among other things, that the disciplinary proceedings were untimely. Supreme Court transferred the proceeding to this Court (see CPLR 7804 [g]).

Initially, respondent asserts that its determination is not subject to review by this Court. Civil Service Law § 76 (3) provides that where, as here, an employee has elected to appeal to respondent before seeking judicial review, "[t]he decision of [respondent] shall be final and conclusive, and not subject to further review in any court" (see also Civil Service Law § 76 [1]). Such explicit statutory language ordinarily bars further appellate review (see Matter of New York City Dept. of Envtl. Protection v New York City Civ. Serv. Commn., 78 NY2d 318, 322 [1991]; Matter of Horn v New York City Civ. Serv. Commn., 43 AD3d 760, 761 [2007]; Matter of Blount v New York City Civ. Serv. Commn., 12 AD3d 304, 304 [2004]; Matter of Wood v Cosgrove, 237 AD2d 616, 616 [1997]). However, statutory preclusion of all judicial review of the decisions rendered by an administrative agency in every circumstance would constitute a grant of unlimited and potentially arbitrary power too great for the law to countenance (see Matter of Pan Am. World Airways v New York State Human Rights Appeal Bd., 61 NY2d 542, 548 [1984]; Matter of Baer v Nyquist, 34 NY2d 291, 298 [1974]). Thus, even when proscribed by statute, judicial review is mandated when constitutional rights are implicated by an administrative decision or "when the agency has acted illegally, unconstitutionally, or in excess of its jurisdiction" (Matter of

*New York City Dept. of Envtl. Protection v New York City Civ. Serv. Commn.*, 78 NY2d at 323).

Here, petitioner asserts that respondent acted in excess of its statutory authority—and thus, its jurisdiction—by disciplining petitioner for conduct that occurred more than one year before the disciplinary proceeding was commenced, in violation of the limitations period legislatively established by Civil Service Law § 75 (4). " '[T]he courts have the power and the duty to make certain that [an] administrative official has not acted in excess of the grant of authority given . . . by statute or in disregard of the standard prescribed by the legislature' " (*Matter of New York City Dept. of Envtl. Protection v New York City Civ. Serv. Commn.*, 78 NY2d at 323, quoting *Matter of Guardian Life Ins. Co. of Am. v Bohlinger*, 308 NY 174, 183 [1954]). Although the exception permitting judicial review is "extremely narrow" (*Matter of New York City Dept. of Envtl. Protection v New York City Civ. Serv. Commn.*, 78 NY2d at 324), we are persuaded that, in the circumstances presented, this Court must review the determination to the limited extent of determining whether respondent acted in excess of its authority by disciplining petitioner for time-barred charges (*see Mulgrew v Board of Educ. of the City School Dist. of the City of N.Y.*, 88 AD3d 72, 78 n [2011]).

The charges upon which petitioner was found guilty arose from conduct that occurred several years prior to the commencement of the disciplinary proceedings in 2012; the first charge was based upon conduct occurring in 2007, and the second upon conduct occurring in 2008. As pertinent here, Civil Service Law § 75 (4) requires disciplinary proceedings to be commenced within "one year after the occurrence of the alleged incompetency or misconduct complained of and described in the charges." However, there is an exception provided within the statute, which states that the limitation period does not apply "where the incompetency or misconduct complained of and described in the charges would, if proved in a court of appropriate jurisdiction, constitute a crime" (Civil Service Law § 75 [4]; *see Matter of Rea v City of Kingston*, 110 AD3d 1227, 1230 [2013]; *Matter of McKinney v Bennett*, 31 AD3d 860, 861 [2006]). Respondent contends that this statutory exception properly applies here, as the conduct with which petitioner was charged constitutes the crime of official misconduct. This crime is committed "when, with intent to obtain a benefit or deprive another person of a benefit . . . [a public servant] commits an act relating to his [or her] office but constituting an unauthorized exercise of his [or her] official functions, knowing that such act is unauthorized" (Penal Law § 195.00 [1]).

The first charge of which petitioner was found guilty alleges that, "in violation of HESC policy, federal regulation 34 CFR 682.410 (b) (9), and sections of the [Penal Law], [petitioner] caused [HESC's computerized debt collection system] to be altered to change [a borrower's] account from 'Administrative Wage Garnishment' status to 'Open' status resulting in [the borrower's] account not proceeding to garnishment." The second charge uses identical language, except to assert that petitioner personally altered the system. These charges fail to allege that petitioner acted with the intent to gain a benefit or that she knew that her conduct was unauthorized; both of these mens rea requirements are essential elements of the crime of official misconduct (*see People v Feerick*, 93 NY2d 433, 446 [1999]). In determining whether the statutory exception applies, this Court must "refer—by statutory directive—only to the allegations of misconduct 'complained of and *described in the charges*'" and may not consider any evidentiary proof submitted during later proceedings (*Matter of Rodriguez v County of Albany*, 105 AD3d 1124, 1126 [2013], quoting Civil Service Law § 75 [4]). Contrary to respondent's assertion, as the statutory language expressly limits the exception to the "misconduct complained of and described in the charges" (Civil Service Law § 75 [4]), a general assertion included elsewhere in the notice that the misconduct described in the charges violated several criminal statutes, including Penal Law § 195.00, cannot cure the deficiency. "Thus, since the conduct described in the charge[s] would not, if proven in court, constitute a crime," the statutory exception does not apply, and the charges are untimely (*Matter of Rodriguez v County of Albany*, 105 AD3d at 1127 [internal quotation marks and brackets omitted]; *compare Matter of Langler v County of Cayuga*, 68 AD3d 1775, 1776 [2009]; *Matter of McKinney v Bennett*, 31 AD3d at 861; *Matter of Velez v New York City Tr. Auth.*, 175 AD2d 132, 133 [1991]).

In affirming the discipline imposed upon petitioner for time-barred charges, respondent "acted in excess of the grant of authority given [to it] by statute [and] in disregard of the standard prescribed by the legislature" (*Matter of New York City Dept. of Envtl. Protection v New York City Civ. Serv. Commn.*, 78 NY2d at 323 [internal quotation marks and citation omitted]; *see Matter of DeMuro v Board of Educ. of Yonkers City School Dist.*, 219 AD2d 716, 716-717 [1995]). Accordingly, the determination must be annulled, and the charges dismissed.

Lahtinen, J.P., Lynch and Clark, JJ., concur. Adjudged that the determination is annulled, with costs, petition granted, and the charges against petitioner dismissed.