▪ In the Matter of FAHARI ACADEMY CHARTER SCHOOL, Appellant, v BOARD OF EDUCATION OF CITY SCHOOL DISTRICT OF

CITY OF NEW YORK, Doing Business as NEW YORK CITY DEPART-
MENT OF EDUCATION, et al., Respondents. [27 NYS3d 688]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Chancellor of the New York City Department of Education dated June 8, 2015, which upheld the denial of the petitioner's application for renewal of a charter to operate a charter school, the petitioner appeals, by permission, from an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated September 21, 2015, which, among other things, granted the respondents' cross motion to dismiss the petition.

Ordered that the order is affirmed, with costs.

Fahari Academy Charter School (hereinafter Fahari) is a charter school in Brooklyn which was chartered in 2008 by the New York Board of Regents for a period of five years. In November 2013, the New York City Department of Education (hereinafter the DOE) declined to renew Fahari's charter due, in part, to its "failure to demonstrate academic achievement." Nevertheless, in June 2014, Fahari and the DOE entered into an agreement to renew Fahari's charter for a period of one year. In January 2015, Fahari applied for a further renewal of its charter. On March 5, 2015, the DOE advised Fahari that its charter renewal application was denied due to, among other things, Fahari's failure to successfully complete certain "Academic Goals" and "Administrative and Operational Conditions" set forth in the charter renewal agreement. On June 8, 2015, the Chancellor of the DOE issued a determination upholding the DOE's decision not to renew Fahari's charter.

Fahari commenced this proceeding pursuant to CPLR article 78, inter alia, to review the Chancellor's determination, alleging, among other things, that the determination was arbitrary and capricious, and made in violation of lawful procedure. Thereafter, the DOE and the Chancellor (hereinafter together the respondents) cross-moved to dismiss the petition. In an order dated September 21, 2015, the Supreme Court, among other things, granted the respondents' cross motion to dismiss the petition.

Contrary to the petitioner's contention, the Supreme Court properly determined that judicial review of the Chancellor's determination was precluded by Education Law § 2852 (6), which applies with equal force to both the denial of an application to renew a charter and the denial of an initial charter ap-

plication (*see* Education Law § 2851 [4]; *Matter of New Covenant Charter School Educ. Faculty Assn. v Board of Trustees of the State Univ. of N.Y.*, 30 Misc 3d 1205[A], 2010 NY Slip Op 52287[U] [Sup Ct, Albany County 2010]; *see also Pinnacle Charter Sch. v Board of Regents of the Univ. of the State of N.Y.*, 108 AD3d 1024 [2013]).

However, "[e]ven where judicial review is proscribed by statute, the courts have the power and the duty to make certain that the administrative official has not acted in excess of the grant of authority given . . . by statute or in disregard of the standard prescribed by the legislature" (*Matter of New York City Dept. of Envtl. Protection v New York City Civ. Serv. Commn.*, 78 NY2d 318, 323 [1991] [internal quotation marks omitted]; *see Matter of De Guzman v State of N.Y. Civ. Serv. Commn.*, 129 AD3d 1189, 1191 [2015]). Thus, notwithstanding the applicability of Education Law § 2852 (6), limited judicial review is appropriate regarding the issue of whether the subject determination was made in violation of lawful procedure under the Education Law. Nevertheless, contrary to Fahari's contention, neither Education Law § 2590-h (2-a) nor Education Law § 2855 are applicable to the denial of a charter renewal application, and, thus, there is no merit to Fahari's allegations that the subject determination was made in violation of lawful procedure.

Fahari's remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court properly granted the respondents' cross motion to dismiss the petition. Eng, P.J., Mastro, Leventhal and Miller, JJ., concur.