Matter of Snowden v Village of Monticello (2018 NY Slip Op 08226)





Matter of Snowden v Village of Monticello


2018 NY Slip Op 08226


Decided on November 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 29, 2018

526490

[*1]In the Matter of JAMES SNOWDEN, Appellant,
v
VILLAGE OF MONTICELLO, Respondent.

Calendar Date: October 10, 2018

Before: Garry, P.J., Lynch, Devine, Aarons and Pritzker, JJ.


Sussman and Associates, Goshen (Michael H. Sussman of counsel), for appellant.
Drew, Davidoff & Edwards Law Offices, LLP, Monticello (Michael Davidoff of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Garry, P.J.
Proceeding pursuant to CPLR article 78 (transferred to this Court
by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent Village of Monticello terminating petitioner's employment.
Petitioner was previously employed by respondent as its Building Inspector and Code Enforcement Officer. In July 2016, respondent filed a notice and statement of charges against petitioner. As relevant here, charge 1 alleged that petitioner had "committ[ed] acts constituting crimes," related to the unauthorized demolition of a building in October 2013, and the failure to properly abate the asbestos contained therein [FN1]. Petitioner denied the allegations and challenged the charge as untimely pursuant to Civil Service Law § 75 (4). In September 2016, following a hearing, a Hearing Officer found that the charge was not time-barred and was supported by substantial evidence and recommended the imposition of a penalty. Respondent thereafter adopted the Hearing Officer's findings and recommendation, and terminated petitioner's employment. Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, and Supreme Court transferred the matter to this Court (see CPLR 7804 [g]).

Petitioner's primary contention on appeal is that the charge should have been dismissed as untimely. Indeed, "no removal or disciplinary proceeding shall be commenced more than eighteen months after the occurrence of the alleged incompetency or misconduct complained of and described in the charges" (Civil Service Law § 75 [4]; see McKinney v Bennett, 31 AD3d 860, 861 [2006]). However, this limitations period does not apply "where the incompetency or misconduct complained of and described in the charges would, if proved in a court of appropriate [*2]jurisdiction, constitute a crime" (Civil Service Law § 75 [4]; see Matter of Dean v Bradford, 158 AD2d 772, 775 [1990]). Contrary to petitioner's assertions, this Court "refer[s] — by statutory directive — only to the allegations of misconduct complained of and described in the charges. Thus, our [threshold] inquiry is limited to the allegations contained in the charges and specifications, without consideration of the proof or papers submitted in petitioner's subsequent judicial proceeding (or at any ensuing disciplinary hearing) challenging the charges as untimely" (Matter of Rodriguez v County of Albany, 105 AD3d 1124, 1126 [2013] [internal quotation marks and citations omitted; emphasis added]; accord Matter of De Guzman v State of N.Y. Civ. Serv. Commn., 129 AD3d 1189, 1192 [2015], lv denied 26 NY3d 913 [2015]).

Here, specification 1 of charge 1 incorporated the allegations detailed in petitioner's related nine-count criminal indictment stemming from the same underlying conduct and events. Beginning with count 8 of said indictment, petitioner is alleged to have "knowingly, unlawfully and intentionally engage[d] persons to effect the unauthorized demolition of the [building], knowing that unabated asbestos was located therein or thereupon, causing the release of a substance hazardous to public health, safety or the environment, said substance being asbestos." If proven, these allegations would constitute the crime of endangering public health, safety or the environment in the fourth degree (see ECL 71-2711 [3]). As to count 9, petitioner is alleged, with regard to the demolition of the building, to have "engag[ed] persons neither certified nor qualified to abate the asbestos located therein, . . . knowing that asbestos was located therein, such demolition having been performed without asbestos abatement or any reasonable procedure to prevent the release of asbestos into the public air, . . . [and] having released a considerable amount of [asbestos] dust and debris into the air" in a populated area. These allegations would, if proven at trial, constitute the crime of criminal nuisance in the second degree (see Penal Law § 240.45 [1]). Likewise, we find that the allegations against petitioner as detailed in counts 5 through 7 would constitute, if established at trial, official misconduct (see Penal Law § 195.00 [2]; compare Matter of Rodriguez v County of Albany, 105 AD3d at 1127). Accordingly, the Hearing Officer properly found that the charge is not time-barred (see Civil Service Law § 75 [4]; Matter of Rea v City of Kingston, 110 AD3d 1227, 1230 [2013]; Scales v Maxwell, 52 AD2d 719, 720 [1976]; see e.g. Matter of Hanlon v New York State Police, 133 AD3d 1265, 1266 [2015]; Matter of McKinney v Bennett, 31 AD3d at 861).

Next, petitioner argues that the determination should be annulled as unsupported by substantial evidence. We disagree. Respondent's determination to terminate petitioner's employment pursuant to Civil Service Law § 75 must be upheld if supported by substantial evidence (see Matter of Gibson v Board of Educ. for City School Dist. of Albany, 96 AD3d 1120, 1121 [2012]; Matter of Wilson v Town of Minerva Town Bd., 65 AD3d 788, 789 [2009]; Matter of Finigan v Lent, 189 AD2d 935, 936 [1993], lv dismissed 81 NY2d 1067 [1993], lv denied 82 NY2d 657 [1993]). In conducting our review, "this Court may not substitute its own judgment for that of [respondent], even when evidence exists that could support a different result" (Matter of Longton v Village of Corinth, 57 AD3d 1273, 1274 [2008] [internal quotation marks, brackets and citation omitted], lv denied 13 NY3d 709 [2009]; see Matter of Knox v VanBlarcum, 105 AD3d 1198, 1200 [2013]). Where there is conflicting evidence, we defer to the Hearing Officer's credibility determinations (see Matter of James v Hoosick Falls Cent. School Dist., 93 AD3d 1131, 1133 [2012]; Matter of Sindoni v County of Tioga, 67 AD3d 1183, 1184 [2009]; Matter of McKinney v Bennett, 31 AD3d at 861).

At the hearing, petitioner admitted that he was aware that the demolition of the building not only began without the requisite permits, but that the contractors hired to complete the job agreed to do so for only $5,000 — rather than an estimated $150,000 — in exchange for future contracts. It is further undisputed that the demolition resulted in the release of asbestos fibers where workers and passersby would be exposed to the legislatively-recognized carcinogenic agent (see 12 NYCRR 56-1.2 [a]). As to the quantity of asbestos released, a report conducted more than a year prior to the building's demolition found varying percentages of asbestos in the building's products — from 1.4% to 23.5% — far exceeding the 1% threshold necessary to trigger abatement requirements (see 12 NYCRR 56-2.1 [v];
56-8.8). Petitioner testified that, although he was aware that the building contained asbestos and had discussed this report with respondent's civil engineer, John Fuller, he had not read the report and "assumed" that the quantity of asbestos present did not require abatement. When asked why he did not investigate the issue of abatement further in his role as respondent's Code Enforcement Officer, he stated that he "had no obligation" to do so. Further, the Hearing Officer credited the testimony of Chief of Police Robert Mir that petitioner had told one of the demolition contractors, Sam Kearney, that he was "good to go" in response to concerns about whether asbestos was present in the building. Marciano Soto, a contractor hired to supervise the demolition of the building, similarly testified that petitioner told him on multiple occasions that the building did not contain asbestos. Upon our review, we find substantial evidence in the record to sustain the charge that petitioner "committ[ed] acts constituting crimes" — namely, endangering public health, safety or the environment in the fourth degree, official misconduct and criminal nuisance in the second degree — and, thus, to support the determination terminating petitioner's employment (see ECL 71-2711 [3]; Penal Law §§ 195.00 [2]; 240.45 [1]).
Lynch, Devine, Aarons and Pritzker, JJ., concur.



 ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: This Court previously issued a decision upon the related criminal appeal (People v Snowden, 160 AD3d 1054 [2018]).