◼ In the Matter of THOMAS CATLIN, Petitioner, v ORLEANS COUNTY HIGHWAY DEPARTMENT et al., Respondents. [680 NYS2d 35] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: After a hearing pursuant to Civil Service Law § 75, petitioner was discharged from his employment as a maintenance equipment operator for respondent Orleans County Highway Department because he tested positive for marihuana during a random drug test administered pursuant to the drug and alcohol testing policy for respondent Orleans County (County). His duties included the operation of heavy equipment in excess of 75,000 pounds in proximity to other employees and the general public. Petitioner brought this CPLR article 78 proceeding, contending, *inter alia*, that the penalty was arbitrary and capricious and an abuse of discretion. Because no substantial evidence question was

raised, the proceeding was erroneously transferred to this Court pursuant to CPLR 7804 (g). Nevertheless, we will retain jurisdiction to decide this case on the merits (*see, Matter of Charles v Commissioner, N. Y. State Dept. of Social Servs.*, 240 AD2d 490).

We reject the contention of petitioner that he was denied due process because he did not receive adequate notice of the consequences of a positive drug test. The record establishes that, before the County implemented its drug and alcohol testing policy, petitioner underwent mandatory training concerning that policy and was informed that a positive drug test could result in his loss of employment. The further contention of petitioner that his discharge pursuant to a zero tolerance drug policy was arbitrary and capricious also lacks merit.

Finally, the penalty of dismissal, while severe, " 'is [not] so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness' " (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 233; *see, Matter of Gordon v Brown*, 84 NY2d 574, 580; *Trotta v Ward*, 77 NY2d 827, *rearg dismissed* 79 NY2d 887; *see also, Exxon Corp. v Esso Workers' Union*, 118 F3d 841, 849). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Orleans County, Dillon, J.) Present—Pine, J. P., Hayes, Wisner and Boehm, JJ.