■ In the Matter of VALENTINA SPRY, Petitioner, v DELAWARE COUNTY et al., Respondents. [716 NYS2d 728] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Delaware County) to review a determination of respondent Delaware County Countryside Care Center which terminated petitioner's employment.

Petitioner, employed as a ward clerk at respondent Delaware County Countryside Care Center (hereinafter Countryside) under the terms of a collective bargaining agreement, was charged with numerous specifications of incompetence, insubordination, conduct unbecoming an employee, serious misconduct and unauthorized use of facility property. Following an 11-day administrative hearing conducted pursuant to Civil Service Law § 75, petitioner was found guilty of a great many of the charges and the Hearing Officer recommended that petitioner be demoted in grade and title. By decision dated December 19, 1997, Countryside's administrator adopted the Hearing Officer's findings of guilt but rejected the recommendation as to penalty and instead terminated petitioner's employment. This CPLR article 78 proceeding ensued.

Initially, Supreme Court dismissed the petition for failure to state a cause of action based upon the fact that the petition made only conclusory assertions and stated no evidentiary facts in support of its claims. On appeal, however, we modified Supreme Court's order to the extent of reinstating so much of the petition as raised the question set forth in CPLR 7803 (4), i.e., whether the determination was on the entire record supported by substantial evidence (253 AD2d 178). Following remittal, Supreme Court properly transferred the proceeding to this Court pursuant to CPLR 7804 (g).

At the present time, petitioner interposes no challenge to the findings of guilt but merely contends that the administrator's rejection of the Hearing Officer's recommendation as to penalty and subsequent determination to terminate petitioner's employment are not supported by substantial evidence in the record. We disagree. As recognized by petitioner, a removing board is free to disregard the recommendation of its Hearing Officer, to make new findings and to impose different discipline (*see, Matter of Breu v Board of Educ.*, 215 AD2d 969, 970, *lv denied* 86 NY2d 708; *see also, Matter of Wiggins v Board of Educ.*, 60 NY2d 385, 388), and the penalty imposed by the removing board will not be set aside unless it is found to be

shockingly unfair (see, Matter of Pell v Board of Educ., 34 NY2d 222, 234).

Contrary to petitioner's assertion that she did not receive progressive discipline or adequate notice of problems with her job performance and sufficient opportunity to take corrective action, the record shows that petitioner's 1995 evaluation indicated serious problems with her attitude and performance and that improvement was required, and her 1996 evaluation indicated a "serious downturn" in performance, including a "final warning" and indication that failure to improve could result in termination. Nor are we persuaded by petitioner's characterization of her misconduct as minor and correctable. The unchallenged findings of guilt include several instances of incompetence that potentially placed facility residents at grave risk, including the inaccurate transcription of medications and miscalculation of the concentration of an intravenous fluid, as well as repeated refusal to cooperate with other staff members and to treat them with courtesy and failure to properly complete new standing order sheets and daily filings, maintain adequate transfer forms and update medical records, treatment and tracking sheets. Under the circumstances, we conclude that the penalty imposed was by no means shockingly unfair.

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.