■ In the Matter of the Claim of James Fighera, Appellant, v New York City Department of Environmental Protection, Respondent. Workers' Compensation Board, Respondent. [755 NYS2d 344] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed November 28, 2001, which ruled that claimant violated Workers' Compensation Law § 114-a and was disqualified from receiving additional wage replacement benefits.

Claimant sustained injuries in the course of his employment as a construction worker in May 1994 and again in April 1997. He went on a medical leave of absence on October 15, 1997. The employer filed C-2 reports of injury and, following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) classified claimant as permanently partially disabled and awarded him workers' compensation benefits. However, in the

course of an investigation in the spring and summer of 1998, it was discovered that claimant was working as a security officer and his benefits were suspended pending further proceedings. At a hearing on June 23, 1999, the employer raised the issue of a possible violation of Workers' Compensation Law § 114-a. The WCLJ, however, found no violation and continued the award of benefits. Thereafter, the Workers' Compensation Board reversed the WCLJ's decision and rescinded all awards made after October 15, 1997. This appeal ensued.

Initially, Workers' Compensation Law § 114-a (1) provides, in pertinent part: "If for the purpose of obtaining compensation pursuant to section fifteen of this chapter, or for the purpose of influencing any determination regarding any such payment, a claimant knowingly makes a false statement or representation as to a material fact, such person shall be disqualified from receiving any compensation directly attributable to such false statement or representation." The Board's finding with respect to whether there has been a violation of the foregoing statute will be upheld if supported by substantial evidence (see *Matter of Phelps v Phelps*, 277 AD2d 736, 738 [2000]).

The investigation into claimant's other employment was prompted by a photograph of claimant appearing as a security guard at Shea Stadium which was published in a local newspaper in April 1998. The investigator's report, completed in July 1998, disclosed that claimant worked as a security officer as part of an elite task force assigned to eject unruly patrons at Shea Stadium and Madison Square Garden. The occupational specialist who examined claimant as a result of both the May 1994 and April 1997 incidents, and who classified him as having a mild to moderate partial disability, related that claimant did not disclose his employment as a security officer at the time of the examinations. This physician further stated that if he had known claimant was working as a security officer, he would have evaluated him as having a mild partial disability, but without a functional disability, thereby enabling him to engage in unrestricted activities. Moreover, while claimant testified at a hearing held on October 11, 2000 that he had been employed as a security officer since March 1988, he never affirmatively disclosed such employment to the WCLJ or the parties during the course of the proceedings between May 1994 and July 1998. In fact, he conceded that the first time he revealed such employment was in an affidavit sent by the Board specifically requesting such information, which he completed in August 1998. Because the foregoing supports the conclusion that claimant concealed his other

employment from the Board for the purpose of receiving benefits, we find that substantial evidence supports the Board's determination despite the existence of evidence which could support a contrary conclusion (see Matter of Hughes v Indian Val. Indus., 290 AD2d 871, 872 [2002]).

Mercure, J.P., Crew III, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.