■ In the Matter of JOHN G. TOTTEY, Petitioner, v MARK VARVAYANIS et al., Respondents. (Proceeding No. 1.) In the Matter of JOHN G. TOTTEY, Petitioner, v JACK A. BUSH, as Superintendent of the Town of Dryden Highway Department, Respondent. (Proceeding No. 2.) [762 NYS2d 543] —Mercure, J. Proceedings pursuant to CPLR article 78 (transferred to this

Court by order of the Supreme Court, entered in Tompkins County) to review two determinations which, inter alia, terminated petitioner's employment with respondent Town of Dryden.

In 1999, petitioner, a former employee of the Highway Department of respondent Town of Dryden (hereinafter the Town) in Tompkins County, injured his hip in the course of his employment. The injury deteriorated over time until it was determined that surgery was required in April 2000. After the surgery, petitioner remained out of work until October 2000, during which time he collected workers' compensation benefits at the allowable rate for temporary total disability.

In addition to his employment with the Highway Department, petitioner owned a driveway sealing business. During the period of April to October 2000, petitioner's company sealed six or seven driveways. Petitioner acknowledged that he drove the company truck and performed light tasks, but asserted that his brother-in-law did most of the work for the company during the relevant period. Petitioner also performed work for the Varna Community Center in July 2000.

Thereafter, respondent Jack A. Bush, the Superintendent of the Town Highway Department, served petitioner with a notice of disciplinary charges accusing him of filing false statements, perjury, theft/larceny and improper conduct. The charges arose from petitioner's alleged misrepresentations made to obtain workers' compensation benefits and his use of town equipment to change the tires on his personal equipment. The parties agreed that a Hearing Officer should be appointed to hear the case and to make a recommendation since Bush brought the charges and would be a witness at the disciplinary hearing. The Hearing Officer rejected all charges except the one that accused petitioner of using town equipment and property without authorization, and recommended a penalty of 30 days' unpaid suspension.

Bush forwarded the Hearing Officer's recommendation to the Town Board, which voted in May 2001 to terminate petitioner's employment with the Town. In August 2001, after reviewing the disciplinary hearing transcript, Bush sent petitioner a letter confirming his termination. Petitioner commenced separate CPLR article 78 proceedings against the Town and the members of the Town Board (proceeding No. 1), and Bush (proceeding No. 2), seeking reinstatement and back pay. In proceeding No. 1, petitioner alleged that the Town lacked the authority to terminate him. Supreme Court transferred the proceedings to this Court pursuant to CPLR 7804 (g) and this Court directed that the proceedings be heard together.

As an initial matter, petitioner's argument that Bush improperly delegated the decision to terminate him has been rendered moot because Bush made the final determination in this matter, as requested by petitioner (*see Matter of Montalvo v Selsky*, 219 AD2d 752, 752 [1995]; *McCarthy v Tedisco*, 176 AD2d 432, 432 [1991]). Turning to the challenge to Bush's determination that petitioner misrepresented the extent of his postsurgery work activities and received workers' compensation benefits in excess of his entitlement, we conclude that the decision is supported by substantial evidence. Petitioner testified before the Workers' Compensation Board that he only drove a truck for his business during the relevant period. Contrary to that testimony, he later admitted at the disciplinary hearing that he also performed such tasks as lifting heavy objects, assisting in loading the motorized blower used for cleaning parking lots, oil changes, cleaning, supervising, pouring crack filler and spreading sealant. Petitioner's work performed at the Varna Community Center included using a backhoe, removing concrete forms and nails, and loading wood forms. Thus, petitioner's admissions at the disciplinary hearing support Bush's determination that petitioner made false statements to the Workers' Compensation Board regarding both his ability to work and his actual work activities in order to receive benefits. It is further undisputed that petitioner did not inform the Town of his ability to perform such tasks. Inasmuch as " 'there exists a rational basis in the record to support the findings upon which [Bush's] determination is predicated' " (*Matter of Civil Serv. Empls. Assn. v New York State Pub. Empl. Relations Bd.*, 301 AD2d 946, 947 [2003], quoting *Matter of Hoey v New York State Pub. Empl. Relations Bd.*, 284 AD2d 633, 634 [2001]), we will not disturb that determination here.

Moreover, given the finding that petitioner fraudulently received benefits, the penalty of dismissal "is [not] so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 233 [1974] [internal quotation marks and citation omitted]; *see Matter of Catlin v Orleans County Highway Dept.*, 255 AD2d 966, 967 [1998]; *Matter of Romano v Town Bd. of Town of Colonie*, 200 AD2d 934, 934-935 [1994], *appeal dismissed* 83 NY2d 963 [1994]; *see generally Matter of Fighera v New York City Dept. of Envtl. Protection*, 303 AD2d 861 [2003]; *Matter of Phelps v Phelps*, 277 AD2d 736, 739-740 [2000]). Contrary to petitioner's argument, the fact that the Hearing Officer recommended a penalty of only an unpaid suspension does not compel a different result. While the Hear-

ing Officer's recommendation is entitled to deference, Bush remained "free to disregard the recommendation * * *, to make new findings and to impose different discipline" (*Matter of Spry v Delaware County*, 277 AD2d 779, 779 [2000]; *see Matter of Benson v Cuevas*, 293 AD2d 927, 930 [2002], *lv denied* 98 NY2d 611 [2002]).

Nor is there any merit to petitioner's argument that the decision of the Workers' Compensation Board—in which the Board concluded that petitioner did not violate Workers' Compensation Law § 114-a by making false representations about his ability to work—bars this Civil Service Law § 75 disciplinary proceeding. Although the underlying facts in the two proceedings are identical, "the two statutory systems do not necessarily examine and determine the same issue, in the same way, and under the same protocols, procedures and conditions" (*Matter of Balcerak v County of Nassau*, 94 NY2d 253, 258 [1999]). Further, the Workers' Compensation Law § 114-a proceeding was not commenced until after Bush made the final determination to terminate petitioner and, thus, it is not a prior proceeding in which an issue determinative of this matter was decided (*see Matter of Hickey v Sinnott*, 277 AD2d 572, 573-574 [2000]). We also note in this regard that our review power here is limited to determining whether Bush's decision is supported by substantial evidence (*see Matter of Hoey v New York State Pub. Empl. Relations Bd., supra* at 634). Given our conclusion that it is, we are constrained to uphold that decision "despite the existence of evidence which could support a contrary conclusion" (*Matter of Fighera v New York City Dept. of Envtl. Protection, supra* at 863).

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petitions dismissed.