In the Matter of ANTHONY R. CANNA, Petitioner, v TOWN OF AMHERST et al., Respondents. [865 NYS2d 443]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Gerald J. Whalen, J.], entered November 30, 2007) to annul the determination of respondent Town Board of Town of Amherst. The determination terminated petitioner's employment with respondent Town of Amherst.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

*Memorandum:* Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination of respondent Town Board of Town of Amherst (Town Board) terminating his employment as superintendent of the Wastewater Treatment Facility of respondent Town of Amherst (Facility). Petitioner was terminated from his employment following a hearing conducted pursuant to Civil Service Law § 75 (1) based on charges of incompetent supervision of the Facility.

We reject the contention of petitioner that the hearing officer was biased against him, inasmuch as petitioner failed to present "a factual demonstration to support the allegation of bias and proof that the outcome flowed from it" (*Matter of Warder v*

*Board of Regents of Univ. of State of N.Y.,* 53 NY2d 186, 197 [1981], *cert denied* 454 US 1125 [1981]; *see Matter of Schindlar v Incorporated Vil. of Lloyd Harbor,* 261 AD2d 626 [1999]; *see also Dunlop Dev. Corp. v Spitzer,* 26 AD3d 180, 181 [2006]).

We reject the further contention of petitioner that the resolution of the Town Board terminating his employment was not supported by the requisite number of valid votes. Contrary to petitioner's contention, the statements by one Town Board member to the effect that it would be difficult for petitioner to resume his position as superintendent of the Facility after all that had transpired did not render his vote invalid. The record establishes that he further stated that, although he did not believe that petitioner was "single handedly" responsible for all of the problems at the Facility, he believed that the evidence established that petitioner was incompetent, and incompetence is a valid basis for termination (*see* Civil Service Law § 75 [1]).

We also reject petitioner's contention that the statements of a second Town Board member made two years before petitioner's termination, to the effect that petitioner's negligence cost respondent Town of Amherst "hundreds of thousands of dollars," rendered that member's vote invalid. The record establishes that those statements were based upon evidence presented at a prior hearing resulting in a determination terminating petitioner and that Supreme Court (Rossetti, J.) annulled that determination. At the subsequent hearing that is the subject of this proceeding, the vote of that member to terminate petitioner's employment was properly based upon the evidence presented at the later hearing.

Contrary to the further contention of petitioner, the disciplinary proceeding against him was not time-barred based on the 18-month limitations period set forth in Civil Service Law § 75 (4), inasmuch as petitioner's alleged incompetency was continuous (*see Matter of Steyer,* 129 AD2d 994 [1987], *affd* 70 NY2d 990 [1988]; *see generally Shannon v MTA Metro-N. R.R.,* 269 AD2d 218 [2000]; *Ain v Glazer,* 257 AD2d 422 [1999]). Finally, we conclude that there is substantial evidence supporting the determination to terminate petitioner from his employment (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181 [1978]), and we reject his contention that the penalty was so disproportionate to the offense as to be shocking to one's sense of fairness (*see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 232-233 [1974]). Present—Scudder, P.J., Hurlbutt, Martoche, Green and Gorski, JJ.