■   In the Matter of Beth E. Covert, Petitioner, v Schuyler County, Respondent. [911 NYS2d 197]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Schuyler County) to review a determination of the Schuyler County Administrator which terminated petitioner's employment as a probation officer for respondent.

Following a hearing conducted pursuant to Civil Service Law § 75, petitioner was found guilty of misconduct for requesting a neighbor to lie to law enforcement officials conducting a criminal investigation of petitioner. Because petitioner was suspended from her duties as a probation officer as a result of the criminal investigation, her supervisor assumed responsibility for her

---

pending probation case files and, in the course of handling them, discovered a number of irregularities and deficiencies relating to petitioner's record keeping and supervision of probationers, which gave rise to additional charges against petitioner. As a result of these additional charges, petitioner was also found guilty of incompetence. Based on the findings of misconduct and incompetence, together with her prior unsatisfactory service and her failure to take responsibility for her acts and omissions, the Schuyler County Administrator terminated petitioner's employment. Petitioner thereafter commenced this CPLR article 78 proceeding seeking to annul the determination of the Administrator.

We will not disturb the Administrator's determination made following a hearing pursuant to Civil Service Law § 75 as long as it is supported by substantial evidence providing a rational basis for the findings (*see Matter of Wilson v Town of Minerva Town Bd.*, 65 AD3d 788, 789 [2009]; *Matter of Clarke v Cleveland*, 53 AD3d 894, 896 [2008]; *Matter of Tottey v Varvayanis*, 307 AD2d 652, 655 [2003], *lv denied* 1 NY3d 501 [2003]). Here, substantial evidence supports the Administrator's conclusion that petitioner was guilty of both misconduct and incompetence.

We begin by rejecting petitioner's claim that the failure of either party to call the neighbor as a witness prevented the Administrator from crediting her supervisor's testimony against her. Petitioner's supervisor testified to a conversation in which petitioner admitted to him that she had asked the neighbor to lie for her and then declared that "it's not like asking someone to lie for you is against the law." Although petitioner testified that she had neither made such an admission nor asked anyone to lie, this conflict was resolved against petitioner and we will not substitute our own credibility determinations for those of the Administrator (*see Matter of Sindoni v County of Tioga*, 67 AD3d 1183, 1184 [2009]; *Matter of Ernst v Saratoga County*, 251 AD2d 866, 867 [1998]; *Matter of Smith v Board of Educ., Onteora Cent. School Dist.*, 221 AD2d 755, 758 [1995], *lv denied* 87 NY2d 810 [1996]).

As for the determination of incompetence, the evidence established that despite petitioner's position as the designee responsible for transfers, she was unaware of the travel restrictions and written policies governing interstate transfers. Due to petitioner's admitted unfamiliarity with the rules, she repeatedly approved a probationer's travel to Texas beyond the allowable time limit, ultimately causing Texas to deny the probationer's request to transfer to that state. Petitioner's incompetence

with respect to the handling of a convicted sex offender on probation was also documented by evidence reflecting her continued failure to require the probationer to complete sex offender therapy. Further, her statute of limitations argument is unavailing given the continuous nature of the incompetence (*see Matter of Canna v Town of Amherst*, 55 AD3d 1269, 1270 [2008], *lv denied* 11 NY3d 714 [2009]). The remaining charges of incompetence, relating to petitioner's failure to properly document her case files and her failure to properly use the computerized systems for recording information regarding the probationers under her supervision, are also supported by substantial evidence.

As for the penalty imposed by the Administrator, petitioner's misconduct in attempting to interfere with a criminal investigation compromises her ability to act as a peace officer. That status carries with it the higher duty of overseeing probationers, making recommendations to courts and requiring probationers to comply with duly ordered terms and conditions of the courts. The evidence also established that petitioner's incompetence negatively impacted the probationers under her supervision and created a risk of harm to the public. In light of these circumstances, as well as a prior letter of reprimand in her personnel file, we conclude that the penalty of termination is not so disproportionate to the offense as to be shocking to one's sense of fairness (*see Matter of Mapp v Burnham*, 8 NY3d 999, 1000 [2007]; *Matter of Phillips v Le Page*, 4 AD3d 704, 705 [2004]; *Matter of Tottey v Varvayanis*, 307 AD2d at 654; *Matter of Spry v Delaware County*, 277 AD2d 779, 779-780 [2000]; *Matter of Gradel v Lilholt*, 257 AD2d 972, 973 [1999]).

Spain, J.P., Kavanagh, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.