*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 18, 2014                  518726
_____

In the Matter of KAREN BIRCH,
                    Appellant,
        v                                    MEMORANDUM  AND  ORDER

COUNTY OF MADISON et al.,
                    Respondents.
_____

Calendar Date:  October 15, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Clark, JJ.

_____

        Jonathan Lovett, White Plains, for appellant.

        Hancock & Estabrook, LLP, Syracuse (Janet D. Callahan of counsel), for respondents.

_____

Lahtinen, J.P.

        Appeal from a judgment of the Supreme Court (Dowd, J.), entered February 3, 2014 in Madison County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Supervisors of the County of Madison terminating petitioner's employment.

        Petitioner began employment in 2006 with respondent County of Madison as Director of the Probation Department.  In 2011, Joanne Swidowski — who had recently resigned from the Department — filed a personnel complaint and threatened litigation regarding actions by petitioner, prompting respondent Board of Supervisors of the County of Madison to commence an investigation.  In November 2011, petitioner was placed on paid administrative leave and, in February 2012, she was offered a severance package that

included, among other things, six months' pay if she voluntarily resigned.  Petitioner rejected the offer and, in April 2012, the Board brought five disciplinary charges against her pursuant to Civil Service Law § 75.

The first three of the five charges arose from circumstances that occurred when Swidowski, an employee with less than two years experience, had been assigned to a high profile case involving Stanley Derdzinski.  Derdzinski had a pattern of domestic violence, stalking and harassment, and he reportedly obtained personal information about Swidowski and made repeated threats against her.  Petitioner refused to permit Swidowski to be relieved from the assignment.  The three charges pertaining to Swidowski alleged that petitioner exercised poor judgment involving a probation officer whose life had been threatened, failed to remove an officer from writing a presentence report after a conflict of interest had developed, and created a risk of violating relevant regulations regarding impartiality and fairness in a probation investigation and report.  The fourth charge alleged mismanagement of a different workplace incident and the fifth charge asserted poor leadership of the Department as reflected by, among other things, high staff turnover during her short tenure.

After a hearing over the course of five days, the Hearing Officer issued a detailed written decision in which he determined that petitioner was guilty of the first three charges of misconduct, but that charges four and five had not been proven.  The Hearing Officer recommended a penalty of termination.  The Board adopted the findings of the Hearing Officer and petitioner was dismissed from employment in May 2013.  This proceeding seeking to annul the Board's determination ensued.  Supreme Court dismissed the petition and petitioner now appeals.

Petitioner contends that the Board prejudged the charges against her and engaged in impermissible ex parte communications regarding those charges.[1]  "Involvement in the disciplinary

_____

[1]  Petitioner made similar allegations in a federal action that she commenced while this disciplinary proceeding was

process does not automatically require recusal" (Matter of Ernst v Saratoga County, 234 AD2d 764, 767 [1996] [citations omitted]), and a Board may "serv[e] a dual investigatory and adjudicatory function" (Matter of Donlon v Mills, 260 AD2d 971, 974 [1999], lv denied 94 NY2d 752 [1999]).  However, "individuals who are personally or extensively involved in the disciplinary process should disqualify themselves from reviewing the recommendations of a Hearing Officer" (Matter of Baker v Poughkeepsie City School Dist., 18 NY3d 714, 717-718 [2012] [internal quotation marks and citation omitted]; see e.g. Matter of Botsford v Bertoni, 112 AD3d 1266, 1268-1269 [2013]; Matter of Ashe v Town Bd. of the Town of Crown Point, N.Y., 97 AD3d 1022, 1022-1023 [2012]; Matter of Memmelaar v Straub, 181 AD2d 980, 981 [1992]).

     Here, after receiving Swidowski's complaint about petitioner, the Board retained outside counsel (John Corcoran) and authorized an independent investigation.  As a result of the investigation, the Board offered petitioner a severance package if she resigned.  The offer was made by the Assistant County Attorney (Tina Wayland-Smith) in a meeting also attended by Corcoran, the Chair of the Board (John Becker) and the Chair of the Criminal Justice Committee of the Board (Darrin Ball).  During the course of making the offer, Wayland-Smith indicated to petitioner that the Board had lost confidence in her and that she could not continue in her current job.  The offer was rejected and disciplinary charges ensued.  A Hearing Officer was appointed, and there is no evidence that he was biased or otherwise unqualified.  Petitioner had a full opportunity to defend against the charges, cross-examine the witnesses and present her proof.  The Hearing Officer found sufficient evidence as to three of the five charges and recommended termination.  Significantly, Becker and Ball disqualified themselves from consideration of the Hearing Officer's recommendation because they had participated in the investigation and the negotiations to have petitioner resign.  The remaining members of the Board considered the matter over the course of two meetings and

_____

pending, and the defendants in that action successfully moved for summary judgment (Birch v Becker, 2014 WL 2510565, 2014 US Dist Lexis 75882 [ND NY 2014]).

ultimately adopted the Hearing Officer's recommendation.

Hiring an investigator and being aware of the result of that investigation before bringing charges did not disqualify the entire Board (see Matter of Donlon v Mills, 260 AD2d at 974). The two Board members who were actively involved in prehearing matters pertaining to petitioner did, in fact, disqualify themselves (compare Matter of Ernst v Saratoga County, 234 AD2d at 768). Wayland-Smith's general characterization of the Board's concern about petitioner's continuing employment made during an effort to settle the matter, which occurred after the investigation but before a hearing, does not compel the conclusion that the Board could not fairly consider the evidence and recommendation resulting from the hearing. Nor does Corcoran's involvement with the Board following the hearing reveal a failure by the Board to independently consider the evidence. In such regard, the Board has a "presumption of integrity" and petitioner did not overcome that presumption (Matter of Donlon v Mills, 260 AD2d at 974; see Withrow v Larkin, 421 US 35, 47 [1975]).

The remaining arguments, which were fully addressed by Supreme Court, do not require extended discussion. The minor amendment made to the first charge part way through the hearing, and at a time when petitioner had ample opportunity to respond to the amendment, did not deprive her of due process (see Matter of Sachs v New York State Racing & Wagering Bd., Div. of Harness Racing, 1 AD3d 768, 771-772 [2003], lv denied 2 NY3d 706 [2004]; Matter of Groff v Kelly, 309 AD2d 539, 540 [2003]).[2] Becker, as Chair of the Board, did not exceed his authority in authorizing the minor amendment to the charges or in suspending petitioner for 30 days without pay (see Civil Service Law § 75 [3]). Valid reasons were set forth in the record regarding the concern for the safety of one witness as well as a nonparty to support the decision to close the hearing during the testimony of one witness (compare Matter of Mosher v Hanley, 56 AD2d 141, 142 [1977]). The record contains substantial evidence supporting the Board's

---

[2]  Although an amendment was also made to the fifth charge, petitioner was found not guilty of such charge.

determination (see Matter of Covert v Schuyler County, 78 AD3d 1309, 1310 [2010], lv denied 16 NY3d 706 [2011]) and the penalty does not, under the circumstances, "shock[] the judicial conscience" (Matter of Ellis v Mahon, 11 NY3d 754, 755 [2008]; see Matter of Kuznia v Adams, 106 AD3d 1227, 1231 [2013]).  The remaining arguments have been considered and are unavailing.

Rose, Lynch and Clark, JJ., concur.


McCarthy, J. (dissenting).

I respectfully dissent.  We should annul the determination of respondent Board of Supervisors of the County of Madison. "[W]here, as here, there is evidence indicating that the administrative decision maker may have prejudged the matter at issue, disqualification is required" (Matter of Botsford v Bertoni, 112 AD3d 1266, 1269 [2013]).  Tina Wayland-Smith, an Assistant County Attorney, testified that she and others met with petitioner, prior to disciplinary charges being proffered, to offer her a separation from employment agreement.  Referring to her talking points from that meeting, Wayland-Smith testified that the Board had "lost faith and confidence in [petitioner's] ability to continue to manage the activities and staff of the Probation Department" based on evidence adduced from the investigation.  The source of information for that statement was the Board itself and its Criminal Justice and Government Operations Committees.  When asked if any member of any of those groups told her "that they did not lose faith and confidence in [petitioner's] ability," Wayland-Smith testified, "Not that I recall."  Wayland-Smith also testified that the Board had taken a position on the separation agreement and "it was the feeling of, at least, the Government Operations Committee and the Board of Supervisors that [petitioner] could not continue in her . . . employment based on what the investigation had revealed."

This testimony indicates that the entire Board not only believed that the information from the investigation was true, but also believed that termination was the proper penalty.  These beliefs were formed and expressed to petitioner before any formal charges were ever brought.  Due to this apparent prejudgment of

the facts by the entire Board, the Board should have recused itself, and its failure to do so rendered its determination in petitioner's disciplinary proceeding affected by an error of law (see Matter of 1616 Second Ave. Rest. v New York State Liq. Auth., 75 NY2d 158, 161-164 [1990]; Matter of Botsford v Bertoni, 112 AD3d at 1269).  For that reason alone, we should not permit the determination to stand, but instead should "remit the matter for a de novo review of the present record and the Hearing Officer's recommendations by a qualified and impartial individual" (Matter of Botsford v Bertoni, 112 AD3d at 1269; see Matter of Memmelaar v Straub, 181 AD2d 980, 982 [1992]).

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court