Matter of Kiyonaga v New York State Justice Ctr. for the Protection of People with Special Needs (2022 NY Slip Op 02850)

Matter of Kiyonaga v New York State Justice Ctr. for the Protection of People with Special Needs

2022 NY Slip Op 02850

Decided on April 28, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 28, 2022

533481
[*1]In the Matter of James Kiyonaga, Petitioner,
v
New York State Justice Center for the Protection of People with Special Needs et al., Respondents.

Calendar Date:March 25, 2022

Before:Garry, P.J., Lynch, Aarons, Colangelo and Ceresia, JJ.

O'Connell and Aronowitz, Albany (Michael Y. Hawrylchak of counsel), for petitioner.
Roemer Wallens Gold & Mineaux LLP, Albany (Earl T. Redding of counsel), for respondents.

Colangelo, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondents terminating petitioner's employment.
Petitioner has been a state employee since 1994. In June 2013, petitioner began his employment as executive deputy director of respondent Justice Center for the Protection of People with Special Needs. In October 2017, petitioner was appointed as executive deputy commissioner of the Office for People with Developmental Disabilities but was approved for a competitive hold item on a position as a financial administrator at the Justice Center through March 1, 2019. In May 2018, petitioner was terminated from his position with the Office for People with Developmental Disabilities following an investigation conducted by the Inspector General's office into his alleged conduct while in the employ of the Justice Center. Based on the same investigation, in June 2018 the Justice Center served petitioner with a notice of disciplinary charges pursuant to Civil Service Law § 75 that contained nine charges of purported official misconduct in violation of Penal Law § 195.00. Petitioner served an answer denying all of the charges and requested a hearing. A hearing was held under Civil Service Law § 75, after which the Hearing Officer recommended dismissal of all charges. Respondent Denise M. Miranda, the executive director of the Justice Center (hereinafter the director), adopted the Hearing Officer's recommendation to the extent of dismissing all charges except for charge 3, which she sustained. Petitioner commenced this proceeding to annul the director's determination with regard to charge 3. Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g). Because we believe that petitioner's due process rights were violated, we must annul respondents' determination as to charge 3.
Petitioner maintains, among other things, that the director erred as a matter of law and abused her discretion in finding petitioner guilty of conduct with which he was never charged. Charge 2 alleges, in sum and substance, that in March 2015, petitioner accosted a particular Justice Center employee with unwanted and inappropriate conversation while at an after-hours social gathering at a restaurant. The language of charge 3 addresses his behavior toward the same employee at "similar after-hours social functions" as in charge 2.[FN1] In addition to denying all of the charges in the notice, petitioner requested that the charges be particularized and that he be provided with the names of the employees referred to in the charges. In response to the request for particularization, the Justice Center served him with an amended notice of discipline which, among other things, amended charge 3 to specify that, at these same after-hours social functions, petitioner inappropriately referred to the employee's sexual orientation by saying, "hey, girls get that." Charge [*2]3 was otherwise unchanged. At the hearing, the female employee testified that this conversation mentioned in amended charge 3 occurred in the workplace. The director determined that the Justice Center had proven charge 3 as implicitly "amended by the testimony of [the female employee] during the hearing." This implicit amendment was first pronounced in the director's decision, well after the close of proof, to conform charge 3 to the proof, which in effect changed the location of petitioner's conduct from after-hours social functions to the workplace. We find that petitioner's due process rights were violated by, in essence, convicting him of uncharged conduct and imposing the severe penalty of termination based on such conduct.
Pursuant to Civil Service Law § 75 (1), a civil service employee "shall not be removed or otherwise subjected to any disciplinary penalty . . . except for incompetency or misconduct shown after a hearing upon stated charges." "The standard of review of such a determination made after a disciplinary hearing is whether it is supported by substantial evidence" (Matter of Scuderi-Hunter v County of Del., 202 AD3d 1309, 1314 [2022] [citations omitted]). "The first fundamental of due process is notice of the charges made. This principle equally applies to an administrative proceeding for even in that forum no person may lose substantial rights because of wrongdoing shown by the evidence, but not charged" (Matter of Murray v Murphy, 24 NY2d 150, 157 [1969]; see Matter of Shapiro v Board of Regents of Univ. of State of N.Y., 16 NY2d 783, 784 [1965]; Matter of Brown v Saranac Lake Cent. School Dist., 273 AD2d 785, 785 [2000]). Fundamentally, the determination made in a disciplinary proceeding "must be based on the charges made" and it is error to find a public employee guilty of uncharged specifications of misconduct and impose a penalty thereon (Matter of Collins v Parishville-Hopkinton Cent. School Dist., 256 AD2d 700, 701 [1998]). Moreover, when "such a fundamental constitutional right as the right to be put on notice of the charges made [is involved], prejudice will be presumed" (Murray v Murphy, 24 NY3d at 157). In some circumstances, amendments are allowed. We note that a minor amendment to a charge, made "part way through [a] hearing, and at a time when [the] petitioner had ample opportunity to respond to the amendment, did not deprive [the petitioner] of due process" (Matter of Birch v County of Madison, 123 AD3d 1324, 1327 [2014]; see Matter of Groff v Kelly, 309 AD2d 539, 540 [2003]). Here, however, petitioner was afforded no such opportunity since the amendment was made by the director in her decision after the proof was most assuredly closed and the Hearing Officer's determination referred. The record is void of any request by the Justice Center, formally or informally, before or during the hearing, to amend the charge to give petitioner notice that the behavior complained of was committed in the workplace[*3]. We reject the argument that the amendment was proper because no objection was made to the "amending" testimony. As the Hearing Officer recognized, inconsistent testimony is good for the accused because it fails to support the charged conduct and provides a basis for seeking dismissal. The Court of Appeals has expressly recognized that "[a] public employee has a claim to due process and he [or she] may assume that the hearing will be limited to the charges as made. His [or her] lawyer is likewise entitled to prepare for the hearing in reliance that, after the hearing is concluded, the charges will not be switched. Any other course is a violation of the employee's right to be treated with elemental fairness" (Matter of Murray v Murphy, 25 NY2d at 157). The onus is not upon the employee to make the employer's case for it by objecting when hearing testimony strays from the conduct charged. The employee has the right to assume that such testimony will be properly rejected, as the Hearing Officer indicated here (see id.).
Inasmuch as, at the conclusion of the hearing, the written charge remained unchanged as to the allegation that the undesired conduct occurred at "after-hours social functions," the charge was unproven and appropriately recommended for dismissal. Respondents assert that, "[a]though the charge states that this happened at after-hours events, the testimony is that it happened during the work hours. Thus, the charge should reflect the testimony." The fatal flaw in this argument is that the testimony that was elicited at the hearing essentially amounted to a new charge based on a totally different context: conduct that allegedly took place in a social setting at after-hours social functions was transported to the formal office setting. Indeed, the record reflects that the Justice Center had ample opportunity to amend charge 3 a second time prior to and during the hearing, after the witness's testimony — which would have afforded petitioner the opportunity to mount a defense — but chose not to do so. The first time that charge 3 was declared amended in this manner was in the director's final determination — when petitioner plainly had no opportunity to respond. In view of the fact that "prejudice will be presumed" when "such a fundamental constitutional right as the right to be put on notice of the charges made" is involved, petitioner's due process rights were violated when he was found guilty of uncharged conduct (Matter of Murray v Murphy, 24 NY2d at 157; see Matter of Gelfand, 70 NY2d 211, 216-217 [1987], cert denied 484 US 977 [1987]). In light of our determination, we need not address petitioner's remaining contentions.
Accordingly, we find that the portion of the determination sustaining charge 3 should be annulled.
Garry, P.J., Lynch, Aarons and Ceresia, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as sustained charge 3, and, as so modified, affirmed.

Footnotes

Footnote 1: Charge 3 alleges, in pertinent part, that "[o]n or about and between March 31, 2015 and July 1, 2016, while you were the Executive Deputy Director of the Justice Center, on several occasions, at similar after-hours social functions, you continued to accost [the same employee as was accosted in charge 2] (a female subordinate at the Justice Center, whose identity is known to you, but is not named herein for privacy reasons) with unwanted and inappropriate sexually charged comments and discussions, making her feel cornered and uncomfortable. In so doing, you committed Official Misconduct, pursuant to Penal Law § 195.00 (1), . . . in your capacity as Executive Deputy Director."